```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

|                      |   |                               |
|----------------------|---|-------------------------------|
| BERNARD CAMPBELL,    | : | Hon. Jerome B. Simandle       |
|     Petitioner,      | : | Civil Action No. 09-5269 (JBS)|
|     v.               | : |                               |
| DONNA ZICKEFOOSE,    | : | **OPINION**                   |
|     Respondents.     | : |                               |

**APPEARANCES:**

    BERNARD CAMPBELL, #55199-066
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**SIMANDLE**, District Judge:

    Petitioner Bernard Campbell filed a Petition challenging the calculation of his projected release date by the Bureau of Prisons ("BOP").  Petitioner argues that, because his detention from February 12, 2000, through April 24, 2001, has not been credited against another sentence, 18 U.S.C. § 3585(b) obligates the BOP to grant him credit for this period against his federal sentence.  The BOP argues that it correctly denied credit for this 437-day period on the ground that the Commonwealth of Pennsylvania will credit this period against Petitioner's Pennsylvania sentence when federal authorities release Petitioner and he begins to serve the Pennsylvania sentence.  For the reasons set forth below and because this 437-day period of

incarceration "has not been credited against another sentence," 18 U.S.C. § 3585(b), this Court will grant the Writ and direct the BOP to recalculate Petitioner's release date, giving him credit against his federal sentence for the period of incarceration from February 12, 2000, through April 24, 2001.[1]

## I.   BACKGROUND

Petitioner is currently serving a federal sentence of 190 months imposed by judgment of the United States District Court for the Eastern District of Pennsylvania on December 1, 2003, for possessing a firearm on February 12, 2000, in violation of 18 U.S.C. § 922(g)(1).  See United States v. Campbell, Crim. No. 01-0213 (PBT) judgment (E.D. Pa. filed Dec. 15, 2003).  The facts are undisputed.  On February 12, 2000, Philadelphia police arrested Petitioner for carrying a firearm.[2]  On March 20, 2000, the Pennsylvania Board of Probation and Parole issued a written decision to detain Petitioner pending the resolution of criminal charges relating to the February 12, 2000, arrest and to recommit him to a state correctional institution as a technical parole

---

[1] To the extent that Petitioner seeks a writ invalidating the 18-month Pennsylvania parole violator sentence, this claim will be dismissed for lack of jurisdiction under 28 U.S.C. § 2241, since any challenge to the Pennsylvania sentence must be brought under 28 U.S.C. § 2254 in the appropriate Pennsylvania District Court after Petitioner has exhausted remedies available in the Pennsylvania courts.  See Coady v. Vaughn, 251 F. 3d 480, 484-86 (3d Cir. 2001).

[2] Petitioner has been in custody from February 12, 2000, to the present time.

violator when available to serve a six month sentence for violation of the conditions of parole. (Docket Entry #7-1, p. 8.) On April 24, 2001, a federal grand jury in the Eastern District of Pennsylvania returned an indictment charging Petitioner with possession of a firearm by a convicted felon on February 12, 2000.[3]  Federal authorities took custody of Petitioner on May 10, 2001, pursuant to a federal writ of habeas corpus ad prosequendum.  He was found guilty by a jury, and on December 1, 2003, Judge Petrese B. Tucker sentenced Petitioner to a 190-month term of imprisonment.

On December 3, 2003, federal officials returned Petitioner to state custody.  On April 12, 2004, the Pennsylvania Board of Probation and Parole issued a written decision recommitting Petitioner to a state correctional institution as a parole violator to serve 18 months "when available," for the federal possession of a firearm conviction.[4]   (Docket Entry #7-1, p. 19.)

On May 5, 2004, state officials turned custody of Petitioner over to the U.S. Marshal for service of the 190-month federal sentence.  (Docket Entry 7-1, p. 4.)  The BOP computed the

---

[3] Pennsylvania nolle prossed state firearms charges.

[4] Pennsylvania Parole Board informed Petitioner by letter that "[t]he term 'When Available' indicates that you are serving another sentence at this time or have pending charges and you are not available to serve your parole backtime.  When you are released from that sentence or charge, you will become available to the Board to begin serving your backtime." (Docket Entry #7-1, p. 21.)

sentence as beginning on December 1, 2003 (the date Judge Tucker imposed it) and gave Petitioner prior custody credit for the period from April 25, 2001 (the day after Petitioner was indicted on the federal charge) to November 30, 2003 (the day before imposition of the federal sentence).  (Id., p. 5.)  Petitioner's projected release date is February 9, 2015.  (Id.)

On February 9, 2009, Petitioner filed a request for administrative remedy seeking prior custody credit from February 12, 2000, through April 24, 2001.  (Docket Entry #7-2, p. 11.)  On April 13, 2009, then Warden J. Grondolsky denied relief on the ground that "[t]he jail credit you requested has been awarded to you by the State of Pennsylvania."  (Docket Entry #7-2, p. 13.)  Petitioner timely appealed, and on June 3, 2009, Northeast Regional Director D. Scott Dodrill denied the appeal on the ground that "[t]he period of time for which you seek credit on your federal sentence will be awarded by the State toward your parole violation term.  Pursuant to § 3585(b), this period cannot be awarded to the federal sentence."  (Docket Entry #7-2, p. 17.)  Petitioner timely appealed to the Central Office.  On August 26, 2009, Harrell Watts, Administrator of National Inmate Appeals, issued the BOP's final administrative decision denying the appeal as follows:

> We reviewed applicable records and found you[] were arrested on February 12, 2000, by local authorities. Ultimately these charges were dismissed in lieu of federal prosecution, even though you remained in state

4

>custody. Records show you were temporarily removed from state custody on May 10, 2001, pursuant to a writ of habeas corpus for prosecution. You were sentenced on December 1, to 190 months and returned to the custody of the State of Pennsylvania, pending disposition of an outstanding parole violation warrant, which was instigated by the state arrest and federal prosecution.
>
>**On May 4, 2004, the state declined to pursue revocation proceedings pending the completion of your federal sentence.** You were transferred to federal custody for service of your 190-month sentence, which was executed the day it was imposed. **According to documentation, the State of Pennsylvania is prepared to revoke your parole upon completion of your Federal Sentence and apply credit to your violation term starting with February 12, 2000, to April 24, 2001.** Accordingly, credit was applied to your federal sentence starting on April 25, 2001, through the day before it was imposed. Program Statement 5880.28, Sentence Computation Manual (CCCA), states it is presumed the state has or will apply presentence time on the sentence it imposed, either before or after the time the federal sentence commences unless documentation indicates otherwise. In your case the State of Pennsylvania indicates you will serve 18 months for violating the conditions of your parole and credit for the time you request will be applied.

(Docket Entry #7-2, p. 19) (emphasis added).

On October 13, 2009, Petitioner filed the present § 2241 Petition challenging the BOP's final determination that he is not eligible, pursuant to 18 U.S.C. § 3585(b), for credit toward the service of his 190-month term of imprisonment for the 437-day period from February 12, 2000, through April 24, 2001. On November 2, 2009, Petitioner supplemented the Petition to include a copy of the August 26, 2009, final determination. On May 6, 2010, this Court issued an order directing Respondents to answer

the Petition, as supplemented.  The May 6, 2010, Order expressly directed Respondent to show why 18 U.S.C. § 3585(b) does not require the BOP to grant Petitioner credit for this 437-day period and to file with the answer "documentary evidence showing that the Commonwealth of Pennsylvania credited the period from February 12, 2000, through April 24, 2001, against a Pennsylvania sentence."  (Docket Entry #4, p. 3.)

On June 21, 2010, Respondent filed an Answer (docket entry #7), declaration of J.R. Johnson, declaration of Tara Moran, together with various exhibits.  Respondent acknowledges that Petitioner exhausted administrative remedies and contends that 18 U.S.C. § 3585(b) prohibits Petitioner's receiving credit for the 437 days "because the Pennsylvania Board of Probation and Parole advised the BOP that such a period would be credited towards Campbell's 18-month parole violation sentence.  A letter, dated June 17, 2010, from the Pennsylvania Board of Probation and Parole . . . confirms that the period from February 12, 2000, through April 24, 2001, will be credited against the backtime Campbell owes on his parole violations."  (Docket Entry #7-1, p. 5.)  The letter on which Respondent relies, dated June 17, 2010, from Victoria Malone, Case Analysis Director of the Pennsylvania Board of Probation and Parole, to Franklin Clark, BOP, Grand Praire, Texas, provides in full:

> This is a response to your request, via
> Assistant General Counsel Jennifer Dannels,

6

> for written confirmation on whether the
> Pennsylvania Board of Probation and Parole
> ("Board") will be providing Mr. Campbell with
> 437 days (or 1 year, 2 months, 12 days) of
> sentence credit for the period of February
> 12, 2000 to April 24, 2001.
>
> Please be advised that the Board will be
> providing Mr. Campbell with the
> aforementioned sentence credit, towards the
> backtime that he owes, on his Philadelphia
> County Court of Common Pleas convictions at
> docket numbers 740-0579 and 750-0579.

(Docket Entry #7-1, p. 30.)

On July 6, 2010, Petitioner filed a Reply. He maintains that "Respondent's speculative anticipation that such credit might be given sometime in the future does not suffice to meet the requirements of § 3585(b)(2)." (Docket Entry #8, p. 2.) This Court agrees.

## II.   DISCUSSION

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not
> extend to a prisoner unless – . . . He is in
> custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

A federal court has jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3);

7

Maleng v. Cook, 490 U.S. 488, 490 (1989).  This Court has subject matter jurisdiction over the Petition because Petitioner contends that the BOP violated 18 U.S.C. § 3585(b) by failing to grant prior custody credit for this 437-day period, and Petitioner was incarcerated in this District when he filed the Petition.  See Rios v. Wiley, 201 F. 3d 257, 272 (3d Cir. 2000).

B.  The Merits

The issue in this case is narrow.  Respondent argues that because an official at the Pennsylvania Board of Pardons and Parole wrote a letter stating that at some future date the Board "will be providing Mr. Campbell with 437 days . . . of sentence credit for the period of February 12, 2000 to April 24, 2001" (docket entry #7-1, p. 30), the BOP has the discretion under 18 U.S.C. § 3585(b) to deny credit for this time because it "has [] been credited against another sentence."  18 U.S.C. § 3585(b).

The United States Code specifies that a federal sentence commences on the date the prisoner is received at the detention facility at which the sentence is to be served.  See 18 U.S.C. § 3585(a).  The same statute requires the BOP to credit certain "time spent in official detention prior to the date the sentence commences . . . that has not been credited against another

sentence." See 18 U.S.C. § 3585(b).[5]  (Emphasis added).  Section 3585(a) and (b) provide in full:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C.A. § 3585 (a), (b).

Petitioner's argument is simple.  He argues that the BOP violated the mandate of § 3585(b) when it denied this credit against his federal sentence since it is undisputed that the relevant 437-day period of incarceration "has not been credited against another sentence."  Respondent acknowledges that this 437-day period has not yet been credited against any other sentence, but argues that § 3585(b) does not require it to give

---

[5] Respondent does not dispute that Petitioner otherwise qualifies for the credit.

Petitioner this prior custody credit because a Pennsylvania official has written a letter stating that Pennsylvania "will be providing" Petitioner with credit against his 18-month parole violator sentence once Petitioner is released on his federal sentence and Pennsylvania takes him into custody.

This is a question of statutory interpretation.  This Court does not write on a blank slate.  This Court's construction of § 3585(b) must be consistent with the Supreme Court's holding and rationale in United States v. Wilson, 503 U.S. 329 (1992).  In that case, on November 29, 1989, the federal court sentenced Wilson to 96 months' imprisonment and denied Wilson's request for credit for time served during presentence state custody.  Two weeks later, a Tennessee court imposed a sentence and granted Wilson 429 days of credit for presentence custody.  The same day, state authorities transferred Wilson to federal custody and Wilson began to serve his 96-month federal sentence.  Wilson appealed the District Court's refusal at sentencing to give him presentence custody credit.  The Sixth Circuit held that the District Court erred by failing to calculate and award presentence custody credit at the time of sentencing, and the Supreme Court reversed.  The Court reasoned:

> The question has significance in this case
> because the final clause of § 3585(b) allows
> a defendant to receive credit only for
> detention time "that has not been credited
> against another sentence."  When the District
> Court imposed Wilson's 96-month sentence on

10

> November 29, 1989, Wilson had not yet received credit for his detention time from the Tennessee courts.  However, by the time the Attorney General imprisoned Wilson on December 12, 1989, the Tennessee trial court had awarded Wilson 429 days of credit.  As a result, Wilson could receive a larger credit if the statute permitted crediting at sentencing, and thus before the detention time had been credited against another sentence . . . .
>
> We do not accept Wilson's argument that § 3585(b) authorizes a district court to award credit at sentencing.  Section 3585(b) indicates that a defendant may receive credit against a sentence that "*was imposed*."  It also specifies that the amount of the credit depends on the time that the defendant "*has spent*" in official detention "prior to the date the sentence commences."  Congress' use of a verb tense is significant in construing statutes.  By using verbs in the past and present perfect tenses, Congress has indicated that computation of the credit must occur after the defendant begins his sentence.  A district court, therefore, cannot apply § 3585(b) at sentencing.
>
> Federal defendants do not always begin to serve their sentences immediately.  In this case, the District Court sentenced Wilson on November 29, 1989, but Wilson did not begin his sentence until December 12, 1989.  At sentencing, the District Court only could have speculated about the amount of time that Wilson would spend in detention prior to the commencement of his sentence; the court did not know when the state-court proceedings would end or when the federal authorities would take Wilson into custody.  Because § 3585(b) bases the credit on how much time a defendant "has spent" (not "will have spent") prior to beginning his sentence, the District Court could not compute the amount of the credit at sentencing.

> The final phrase of § 3585(b) confirms this interpretation. As noted above, it authorizes credit only for time that "has not been credited against another sentence." Wilson argues that this phrase does not prevent him from receiving credit because his official detention "ha[d] not been credited" against the state sentence when the District Court imposed the federal sentence. Under this logic, however, if the District Court had sentenced Wilson a few weeks later than it did, he would not have received credit under § 3585(b). This interpretation of the statute would make the award of credit arbitrary, a result not to be presumed lightly . . . . We can imagine no reason why Congress would desire the presentence detention credit, which determines how much time an offender spends in prison, to depend on the timing of his sentencing.
>
>    \*     \*     \*
>
> After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence . . . . To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.
>
>    \*     \*     \*
>
> Our interpretation of § 3585(b), however, does not render the 1987 revision meaningless. Congress altered § 3585 in at least three ways when it enacted § 3585(b). First Congress replaced the term "custody" with the term "official detention." Second, Congress made clear that a defendant could not receive a double credit for his detention

>            time.  Third, Congress enlarged the class of
>            defendants eligible to receive credit.

Wilson, 503 U.S. at 333-337 (citations omitted) (emphasis in original).

Thus, as construed by Wilson, § 3585(b) requires the BOP to calculate and award presentence credit at the time the defendant begins to serve the federal sentence, and to give credit for presentence time "that has not been credited against another sentence."  In this case, if this Court were to accept Respondent's argument, then the BOP would be free to ignore the mandatory language of § 3585(b) and to instead deny Petitioner credit for time spent in official detention that has not been credited against another sentence on the theory that the BOP expects Pennsylvania to eventually give Petitioner credit for this 437 days once Petitioner completes service of his federal sentence and he is taken into state custody for service of his parole violator sentence.  This Court holds that the BOP is not free to disregard the mandatory language which requires it to calculate the presentence custody credit at the time Petitioner begins to serve his federal sentence and to give Petitioner credit for time that has not been credited against another sentence.  Since there is no dispute that this 437-day period "has not been credited against another sentence," the BOP violated the mandate of § 3585(b) by denying Petitioner credit for this period.

This Court emphasizes that, by ordering the BOP to give Petitioner 437 additional days of presentence custody credit, Petitioner will not thereby receive double credit, contrary to the intent of Congress.  Once the BOP releases Petitioner and he is taken into Pennsylvania custody for service of his parole violator term, Pennsylvania remains free (despite the June 17, 2010, letter) to refuse to credit this 437-day period against his Pennsylvania sentence.  In any event, the only construction of the statute consistent with Wilson is that presentence detention has not been credited against another sentence within the meaning of § 3585(b) until it has in fact been credited against another sentence.  The letter dated June 17, 2010, from Pennsylvania officials clearly indicates that Pennsylvania has not credited this 437-day period against Petitioner's 18-month parole violator term.  Although Pennsylvania states that it intends to do so, the letter does not bind Pennsylvania to give Petitioner this credit.[6] (and it may or may not give Petitioner the credit when it takes him into custody and finds out that the BOP has credited this time against the federal sentence).  Because it is undisputed that this 437-day period "has not been credited

---

[6] Once the BOP gives Petitioner credit for this time, then Pennsylvania will likely not count the time toward his 18-month parole violator sentence, since according to the letter from Pennsylvania officials dated March 12, 2008, Pennsylvania law prohibits a parole violator term to be served concurrently with a sentence for a crime committed while on parole.  (Docket Entry #7-1, p. 21.)

14

against another sentence" (and could not be credited against the Pennsylvania sentence until Petitioner is released from his federal term), the plain language of § 3585(b) requires the BOP to give Petitioner credit for this time against his 190-month federal sentence.

One final point is in order.  The BOP's final administrative decision cited Program Statement 5880.28, Sentence Computation Manual, for the proposition that it is presumed that the state has or will apply presentence time on the sentence it imposed, either before or after the time the federal sentence commences, unless documentation indicates otherwise.  (Docket Entry 7-2, p. 19.)  This Court has reviewed the chapter of Program Statement 5880.28 entitled "Prior Custody Time Credit," and has found nothing which directs the BOP to disregard the statutory mandate that a defendant "shall be given credit . . . for any time he has spent in official detention prior to the date the sentence commences . . . . that has not been credited against another sentence."  See Sentence Computation Manual, Program Statement 5880.28 (7/20/1999), http://www.bop.gov/policy/progstat/5880_028.pdf (accessed Feb. 8, 2011).

Based on the foregoing, this Court will grant a Writ of Habeas Corpus directing Respondent to recalculate Petitioner's projected release date and to give him additional credit for the 437-day period from February 12, 2000, to April 24, 2001.

15

### **III.   CONCLUSION**

Based on the foregoing, the Court will grant Petitioner a Writ of Habeas Corpus and direct Respondent to recalculate Petitioner's projected release date after it gives him additional credit for the 437-day period of official detention from February 12, 2000, to April 24, 2001.


                                        **s/ Jerome B. Simandle**
                                        JEROME B. SIMANDLE
                                        U.S. District Judge


Dated:    **February 28, 2011**